UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NOAH MICHAEL MILLER,

    Plaintiff,

    v.

MICHAEL W. REED, et al.,

    Defendants.

CAUSE NO. 3:21-CV-875-JD-MGG

OPINION AND ORDER

Noah Michael Miller was a prisoner when he filed a complaint. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Miller alleges that, in August or September 2019, someone told Michael Foster, Sgt. Moore, and R.J. Nethaway that Miller sold them pills. Miller further alleges that Michael Foster, Sgt. Moore, and R.J Nethaway then falsified documents to obtain a warrant for Miller's arrest. Judge Michael W. Reed and Daniel Hampton (a prosecuting attorney) were responsible for a warrant being issued. Miller spent six months in jail before the charges were dismissed. At the time of his arrest, he was serving a sentence

in Kosciusko Community Corrections Program. Even though the charges against Miller were dismissed, the arrest was found to be a violation of the Kosciusko Community Correction Program rules, and Miller was returned to prison. Judge Reed and a different prosecuting attorney, Matthew J. Buehler, were responsible for revoking Miller's participation in the community corrections program. Miller seeks an apology and an award of $3,000,000.00.

As an initial matter, Miller has sued a judge and the prosecuting attorneys involved in his criminal case and the revocation of his participation in a community corrections program. Both judges and prosecutors have immunity from suit. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Similarly, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because the doctrines of prosecutorial and judicial immunity apply, Miller cannot not proceed against Judge Reed, Daniel Hampton, or Matthew J. Buehler.

Miller has also sued Michael Foster, Sgt. Moore, and R.J. Nethaway, but his only allegation against them is that they allegedly falsified documents to obtain a warrant for Miller's arrest. "An arrest or search pursuant to a valid warrant is presumptively constitutional unless the officer seeking the warrant intentionally or recklessly misstated or omitted material facts to obtain the warrant, and there would not have been probable cause had the testimony been accurate." *Gatzimos v. Garrett*, 431 Fed. Appx. 497, 500 (7th Cir. 2011). Miller has not pled any facts from which it can be plausibly inferred that any material facts were misstated or omitted by these defendants to obtain a warrant for his arrest. Miller offers only a bald conclusion that documents were falsified to obtain the warrant without including any details whatsoever about what documents were falsified, how those documents were falsified, or why he believes all three individuals were involved in the falsification. Therefore, Miller may not proceed against Michael Foster, Sgt. Moore, and R.J. Nethaway.

Finally, Miller has sued the County of Kosciusco. The County of Kosciusco is not responsible for the actions of either the judge or the prosecutor, both of whom are independently elected in Indiana. *See* Indiana Code 3-8-1-16 and 3-8-1-19; *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995) ("It is plain that the county was properly dismissed; Illinois sheriffs are independently elected officials not subject to the control of the county.") Likewise, the County of Kosciusco is not responsible for the actions of a sheriff or employees of the Kosciusko County Sheriff's Department. *See Carver v. Crawford*, 564 N.E.2d 330, 334 (Ind. Ct. App. 1990). Thus, he cannot proceed against Kosciusco County.

This complaint does not state a claim for which relief can be granted. Nevertheless, Miller may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint**. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** and send it to Noah Michael Miller;

(2) GRANTS Noah Michael Miller until **April 1, 2022**, to file an amended complaint; and

(3) CAUTIONS Noah Michael Miller if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 28, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

4